JAMES G. BRETT, plaintiff in error, vs. JOHN W. SELLERS and LUKE M. SAPP, defendants in error.

Where the equity of a bill is fully met and distinctly denied, proceedings at law will not be restrained, unless under special circumstances.

In Equity, from Calhoun county. Decision by Judge ALLEN, at May Term, 1858.

This was a bill by James G. Brett, against John W. Sellers and Luke M. Sapp, seeking to enjoin the collection of two promissory notes made by Brett and James Phillips, payable to said Sellers or bearer, and by sellers transferred to Sapp.

The bill states that complainant Brett, and the said Phillips, purchased from Sellers, lot of land No. 158, in the third district of Calhoun county, and gave therefor their two promissory notes. One for one hundred dollars, dated 26th September, 1854, and due 1st January, 1855; the other for four hundred dollars, of same date, and due 1st January, 1856, both payable to Sellers or bearer, and that they received from him a deed for said land with the usual covenants of warranty. That ejectment, to recover said land from the assignees of complainant and Phillips, was instituted and resulted in a verdict and judgment in favor of the plaintiffs in said action. The deed from the grantee to said Sellers, turned out on said trial to be a forgery. That Sellers has removed beyond the limits of the State, and is insolvent.

That said notes have come into the possession of Sapp, who has put the same in suit, and obtained judgment on one, and is pressing the other to trial; both against complainant alone. Phillips having removed from the State; and that Sapp is acting either as the agent of Sellers in the prosecution of the suits on said notes, or obtained the same from him, with a full knowledge of the fraud and forgery by which they had been obtained from complainant and said Phillips. The prayer of the bill is for an injunction to restrain the collection of said notes, and to enjoin all further proceedings upon the judgment obtained on the one note, and the suit pending on the other.

An injunction issued as prayed, and upon the coming in of the answer of the defendant Sapp, denying all the material charges and allegations of the bill, the Chancellor dissolved the injunction as to him, and complainant excepted.

After the filing of the answers, complainant amended his bill alleging that Sapp too was insolvent, and complainant objected to the motion to dissolve the injunction until said amendment was answered, which objection the Court overruled, and complainant excepted.

R. H. CLARKE; and R. F. JONES, for plaintiff in error.

I. E. BOWER, *contra.*

*By the Court.*—LUMPKIN J. delivering the opinion.

Was the Court right in dissolving the injunction?

We do not see that it could have done otherwise. Seller's answer, if procured, could not prejudice Sapp, and Sapp swears that he is the *bona fide* holder and owner of the note.

Judgment affirmed.

Judge McDONALD, on account of illness, did not preside in this case.